WARNE, J. pro tem.*
This is an appeal from a judgment granting a writ of mandate to compel the appellant to permit respondent to take the written examination for a license as a physician and surgeon of osteopathy.
Respondent entered the Kirksville College of Osteopathy and Surgery on August 8, 1943. Due to the accelerated program required by federal wartime regulations, respondent *357 graduated and received a degree of Doctor of Osteopathy on August 10, 1946, rather than in 1947.
When respondent applied to the board for leave to take the examination the burden was upon her to show her right to do so. She had not graduated from a school which had been approved by the board prior to her graduation. The school was approved shortly thereafter, but the order of approval specifically stated that it was made as of its date and thereafter. Because her completed questionnaire supporting her application showed that she had not graduated from an approved school, her application was administratively rejected and the parties proceeded to a hearing on a statement of issues pursuant to provisions of the Administrative Procedure Act. After hearing, the board denied respondent’s application upon the ground that she had not graduated from an approved school. The board in its brief states that ‘ ‘ The sole and simple question on this appeal is then whether appellant Board can be compelled to admit respondent, who has graduated from a professional school which was not approved by appellant Board at the time of her graduation, to examination for a certificate to practice as a physician and surgeon within this state.” We think that in this case, and upon the record made before the board in the hearing, the answer to this questidh is in the affirmative.
By admissions in the pleadings, by stipulation and by evidence the following facts and circumstances were made to appear to the board: Doctor Lay’s pre-professional education met all California requirements. She took all of the professional educational courses required by this state. The qualities of the courses she took met those requirements, which means that the school, in addition to giving the required courses, was acceptably staffed and equipped. Although there is some dispute in the briefs as to the extent of the board’s stipulation concerning the instruction given, we think the foregoing is the only fair interpretation that can be placed upon the stipulation. It appears in the record that it was accepted as such, and that, therefore, no further proof on these matters was made. This stipulation also covers the circumstance that during her matriculation the school was required by the federal government, in common with all medical schools, to compress its standard four-year course to three years. Since during that compressed course of three years respondent completed all the courses, the stipulation as to the quality of those courses would render immaterial the fact *358 that the time given therefor had been so shortened. It was admitted in the pleadings that Doctor Lay took all the professional courses required by the then applicable statutes of the State of California necessary to qualify an applicant for a physician’s and surgeon's certificate in California. It was shown without dispute that although Doctor Lay graduated August 10, 1946, before the approval of the school by the California board, yet under date of January 13, 1947, the school had been approved and has since stood as an approved school. The board found that respondent’s record in her premedical training revealed that she had been a superior student in the following respects: In high school her over-all average was 97.2, equivalent to an A average; in Montana State College her over-all average was 2.53 equivalent to a strong B-plus average; in Kirksville College her over-all average was 2.19, which is better than a B average. The board having denied her application to take the examination, respondent brought a proceeding in the Superior Court in Sacramento County under the provisions of section 2174 of the Business and Professions Code, which, so far as here material, reads as follows:
“If . . . any applicant for examination is rejected by it [the board], then the . . . the applicant may commence an action in the superior court against the board to compel it to . . . admit the applicant to examination. ... In such an action the court shall proceed under Section 1094.5 of the Code of Civil Procedure; provided, however, that the court may not exercise an independent judgment on the evidence. The action shall be speedily determined by the court and shall take precedence over all matters pending therein except criminal cases, applications for injunction, or other matters to which special precedence may be given by law. The action shall be commenced and tried in the Superior Court of the State of California, in and for the County of Sacramento.”
Section 2174 was the subject of construction in the case of Mann v. Board of Medical Examiners of the State of Calif., 31 Cal.2d 30 [187 P.2d 1]. At that time, instead of requiring that in an action brought under the section the court should proceed under section 1094.5 of the Code of Civil Procedure, the section provided that in an action thereunder the court “has full power to investigate and decide all facts anew without regard to any previous determination by the board.” However, then, as now, the section provided that one whose application for examination had been rejected by the board might bring the action and therein in a proper case compel the board *359 to admit the applicant to examination. In the Mann case, the Supreme Court, construing the sections of the code as they then existed, and as in substance they still exist, stated that although the board could not admit a graduate of an unapproved school by reciprocity (which was requested in that ease), with or without examination it was open to such graduate to bring an action under section 2174 for the relief provided under that section, and that upon the evidence presented to it in such an action the court could adjudge the school approved as of the time when petitioner therein had attended it. The section still contemplates a judgment compelling appropriate relief (here permission to take the examination), although the evidence is no longer presented as in a trial de novo and the matter is to be heard upon the record made before the board. It follows that under the section the court has power to order the applicant admitted to examination if the circumstances shown before the board required it. We think the circumstances shown as above stated did so require. Summarizing the showing made by respondent before the board, the school had been entitled to approval during the time of her matriculation. (Section 2173 of the Business and Professions Code requires the board to approve 11 every school which complies with the requirements” and to “admit every applicant to the examination who complies with the requirements.”) It follows that the superior court was correct in declaring that the respondent board had prejudicially abused its discretion in that the finding it made that the school, during the time respondent attended it, had not been approved, without anything more, and in view of the showing made did not support the order denying her application to take the examination. It appears from this record that, in view of the provisions of section 2174 when applied to the record made before the board, the board was required to admit Doctor Lay to the examination. The facts and circumstances shown would not support any other determination.
The judgment appealed from is affirmed.
Van Dyke, P. J., and Schottky, J., concurred.
A petition for a rehearing was denied April 22, 1960, and appellant’s petition for a hearing by the Supreme Court was denied May 25, 1960. Dooling, J. pro tern.,* participated therein in place of Spence, J. Gibson, C. J., Traynor, J., and Dooling, J. pro tern., were of the opinion that the petition should be granted.

Assigned by Chairman of Judicial Council.

Assigned by Chairman of Judicial Council.